### SCOTT v. McLANE et al.

### No. 3863.

Court of Civil Appeals of Texas. Beaumont.

May 29, 1941.

Rehearing Denied June 18, 1941.

C. R. Grobe, of Columbus, and Harry D. Larson, of Eagle Lake, for appellant.

Miller & Rutta, of Columbus, Emanuel Roos, of Eagle Lake, Dorman Nickels, of Wharton, and Jos. V. Frnka, of Columbus, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title in the district court of Colorado county by appellant, Howard Scott, against appellees, J. R. McLane, Earl Carter, and Lee Estella Brownson, a feme sole, to recover the title and possession of certain land described in his first amended original petition. Appellees answered by pleas of not guilty and the several statutes of limitation, and by way of cross-action in trespass to try title and by the several statutes of limitations to recover the title and possession of the land described in appellant's petition as against him and many other persons made defendants in the cross-action. On trial to the court without a jury, judgment was for appellees against appellant and all other parties for the title and possession of the land in controversy. Only appellant, Howard Scott, prosecuted an appeal from the judgment of the lower court. The appeal was to the Galveston Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court.

On motion of appellant, the trial court filed conclusions of fact and law.

■■ The judgment of the lower court has full support in the fact conclusion that appellees had title to all the land in controversy under the statute of limitation of ten years, Art. 5510, R.C.S.1925. On our review of the evidence on this issue, we conclude that it satisfactorily supports the court's conclusion. We do not bring the evidence forward in our opinion because appellant's propositions against this conclusion are mere abstract statements of the law and present nothing for review. We give his propositions:

"Twelfth Proposition.

"The relation of landlord and tenant once established, the tenant attorning to another, will not break the tenancy, and limitation cannot begin between them until the tenancy is repudiated and the repudiation brought home to the landlord";

"Thirteenth Proposition.

"To subscribe under the Three, Five or Ten Years Statutes, it is necessary to prove adverse possession, before the claimant can prevail."

Having concluded that the judgment of the lower court has full support on the court's conclusion on the issue of ten years' limitation, we pretermit a discussion of ap-

pellant's assignments against the court's conclusion that appellees held title to the land in controversy under a regular chain of title from and under the original grantee. However, that appellant may have the benefit of our ruling on this issue, it is our conclusion that appellees hold the land under a regular chain of title, as found by the lower court.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.